UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANN-MARIE RETZLAFF,

                Plaintiff,

-against-

HEARTLAND FINANCIAL USA, INC.;
BANK FIRST; JOHN DOE OR JANE DOE,

                Defendants.

22-CV-3755 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff,[1] who resides in Wisconsin, brings this *pro se* action asserting that Defendants committed various violations of federal securities laws and other federal statutes, in connection with a mortgage for her campground. Plaintiff principally cites Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Named as Defendants are Heartland Financial USA, Inc., Bank First, and John or Jane Doe defendants. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Wisconsin.

## DISCUSSION

    Actions brought under the Exchange Act are governed by a specific venue statute, 15 U.S.C. § 78aa. *See SST Global Technology, LLC v. Chapman*, 270 F. Supp. 2d 444, 252 (S.D.N.Y. 2003) ("Venue with regard to securities law claims under the Securities Exchange Act is controlled exclusively by 15 U.S.C. § 78aa, without regard to the general venue provisions of 28 U.S.C. § 1391."). Under Section 78aa, venue is proper wherever an alleged violation of the

---

[1] Plaintiff paid the filing fees for this action.

securities laws occurred, or wherever the defendant resides or transacts business. *See* 15 U.S.C. § 78aa.[2]

Actions under TILA are governed by the general venue provision, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who is a resident of Shawano County, Wisconsin, alleges that Defendants violated her rights in connection with a mortgage for a campground located in Shawano County, Wisconsin. She sues Heartland Financial USA, Inc., identified as a financial institution incorporated in Iowa and with its principal place of business in Dubuque County, Iowa; and Bank First, a financial institution with addresses in Manitowac and Waupaca Counties,

---

[2] Section 78aa provides, in pertinent part, as follows:

Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district [that is, any district wherein any act or transaction constituting the violation occurred] or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Wisconsin. It appears that Plaintiff, the property at issue, and Bank First are located in the Eastern District of Wisconsin, *see* 28 U.S.C. § 130(a); and Heartland is located in the Northern District of Iowa, *see* 28 U.S.C. § 95(a). Plaintiff also asserts that the alleged events giving rise to her claims occurred in Waupaca County, Wisconsin.

Because it is unknown whether Defendants transacted business here or whether any events in connection with Plaintiff's claim occurred here, it is unclear whether venue is proper in this District under either Section 78aa or Section 1391(b)(2). Even if the Court did assume that venue is proper here under either provision, because one defendant resides in the Eastern District of Wisconsin and the alleged events giving rise to Plaintiff's claims occurred in the Eastern District of Wisconsin, venue would also be proper in the Eastern District of Wisconsin under Section 78aa and Section 1391(b).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Waupaca County, Wisconsin, where Bank First appears to reside, and it is reasonable to expect that all relevant documents and witnesses also would be in Waupaca County, Wisconsin. In addition, Plaintiff resides in Shawano County, where the property at issue is located. The Eastern District of Wisconsin appears to be a more convenient forum for this action. *See Value Manufactured Homes, LLC v. Key Bank, N.A.*, 919 F. Supp. 2d 303, 309 (W.D.N.Y. 2013) (holding Michigan state court more convenient based on fact that "the property itself is located in Michigan [and] the underlying events occurred there"). Accordingly, the Court transfers this action to the United States District Court for the Eastern District of Wisconsin. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Wisconsin. Whether Plaintiff's requests for relief (ECF 5, 6) should be granted or denied is left to the transferee court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 21, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge